UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:20-CV-00407-CRS

JASON NEMES, et al.                                                                         PLAINTIFFS

v.

CARL BENSINGER, et al.                                                                    DEFENDANTS

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' JOINT MOTION TO DISMISS

Come the Defendants, Albert Chandler III, Sherry Whitehouse, George Russel, Katrina Fitzgerald, Deanna Brangers, Cory Skolnick, Dwight Sears, and James Lewis, in their official capacities as members of the Kentucky State Board of Elections; and Carl Bensinger, Bobby Holsclaw, John Aubrey, Linda Huber, Don Blevins, Kathy Witt, Marilyn Dishman, Daniel Miller, Gabrielle Summe, Chuck Korzenborn, Richard Scott Kimmich, and Sarah Rogers, in their official capacities as the respective members of the Jefferson, Fayette, and Kenton County Boards of Elections (the Defendants) and submit this Memorandum in Support of the Joint Motion to Dismiss.

### Introduction

Plaintiffs brought this action seeking declaratory and injunctive relief from the Court to declare the use of single polling precincts in Fayette, Jefferson, and Kenton Counties to be unconstitutional in contravention of the First and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiffs brought two claims: (1) violation of the First and Fourteenth Amendment's fundamental right to vote under 42 U.S.C. § 1983 against all Defendants, and (2) violation of Section 2 of the Voting Rights Act 52 U.S.C. § 10301 in relation to Fayette and

1

Jefferson counties. DN 1 at ¶¶ 95–112. Plaintiffs also desire their costs, expert fees, and reasonable attorney fees to be paid by Defendants under 42 U.S.C. § 1988 and 52 U.S.C. 10310(e).

The Court disposed of the injunctive relief claims by its Memorandum Opinion and Order [DN 49 and 50] by stating that "[t]he issue is whether the challenged election procedures result in a cognizable infringement under the Constitution or an injury under the Voting Rights Act. We conclude that it does not." [DN 49 at 1]. This Memorandum Opinion is dispositive of the case as a whole. Because this Court found no constitutional violation under the First and Fourteenth Amendment and no violation of the Voting Rights Act — findings which are dispositive of the case — Plaintiffs have no viable claims remaining. The Defendants incorporate the Court's factual findings into this motion by reference. (*See* DN 49 at 2-13 "*I. Factual Background and Procedural History*").

Plaintiffs' Complaint should be dismissed because (1) Plaintiffs' claims are moot as of June 23rd, 2020 and should be dismissed; and (2) Law of Case Doctrine prohibits claims that have already been litigated multiple times within the same litigation. Plaintiffs' claims are moot as the Emergency Regulations only applied to the June 23, 2020 primary which is past; and, as this Court already stated, Defendants use "of a single polling place in Jefferson, Fayette, and Kenton counties passes constitutional muster and the voting plans survive plaintiffs' First and Fourteenth Amendment challenge." [DN 49 at 25]. Finally, the law of the case doctrine operates here to prevent the Plaintiffs from relitigating claims which this Court has already decided.

At the time of the writing of this Memorandum in Support, former Defendant herein, Secretary of State Michael Adams' Office reported the following unofficial election results.

Totals for absentee ballots:
Ballots Issued Statewide: 868,090 (unofficial)
Ballots Returned Statewide: 598,686 (unofficial)
Machine Ballots Voted (before election day): 110,438 (unofficial)

2

Total voted in-person statewide on Election Day: 161,238 (unofficial)[1]

Provided that these unofficial numbers are confirmed, 1,139,766 votes were cast in the primary election in Kentucky. "The high-water mark for a Kentucky primary election came in 2008, when 922,456 residents voted."[2] In Fayette County alone the final voter turnout was close to 40%.

These numbers collectively demonstrate the highest turnout ever in a primary election, due in part to the measures undertaken by these Defendants in developing a plan for expanded absentee voting, while leaving the option of in person voting available to those who desired to vote in that manner. Plaintiffs' chief complaint is some version of voter suppression based upon the reduction of polling places. However, the data from the election indicates that their claims are without merit.

## Argument

### Plaintiffs' claims are moot as of June 24th, 2020 and should be dismissed.

The doctrine of mootness "requires that there be a live case or controversy at the time that a federal court decides the case." *Sullivan v. Benningfield*, 920 F.3d 401, 407 (6th Cir. 2019). Here, there is no case or controversy that currently exists. Emergency Regulation 31 KAR 4L190E[3] ("Emergency Regulation") issued by the State Board of Elections and the resulting

---

[1] https://twitter.com/Mirandacombs27?ref_src=twsrc%5Etfw%7Ctwcamp%5Etweetembed%7Ctwterm%5E1275824627730845697%7Ctwgr%5E&ref_url=https%3A%2F%2Fwww.courier-journal.com%2Fstory%2Fnews%2Fpolitics%2Felections%2Fkentucky%2F2020%2F06%2F23%2Fkentucky-primary-elections-when-states-results-released%2F3241503001%2F (last visited 6/25/20).

[2] https://www.courier-journal.com/story/news/politics/2020/06/22/kentucky-officials-refute-primary-voter-suppression-claims/3235183001/(last visited 6/25/20).

[3] 31 Ky. Admin. Regs. 4L190E (2020) ("[t]his emergency regulation will allow the Commonwealth to conduct primary, special and local opinion elections on June 23, 2020 in a manner that reduces the amount of exposure to voters, poll workers and administrators have to possible infection, thereby helping state and federal efforts to slow and stop the spread of the novel coronavirus.")

3

election procedures decided on by County Board of Elections **only applied to the June 23, 2020 primary** which has already occurred. (Emphasis added.) "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is "moot" and must be dismissed." *Id.* at 410. Moreover, "the test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Id.* Here, no meaningful relief could be granted that would make a difference to the parties' legal interests because the one-time emergency election procedure were for the Kentucky primary that has already occurred. Further, the emergency regulations clearly state that they "shall apply to the Commonwealth's June 23, 2020 elections **only**." 31 Ky. Admin. Regs. 4L190E § 1(2020) (emphasis added). In fact, under the statutes and regulations currently in effect for the November 3, 2020 election Jefferson County will have 623 precincts voting in 231 different polling places.

Further, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S. Ct. 721 (2013)). The time for challenging the Emergency Regulation and the individual county plans for reduced polling locations has come and gone. Because June 23, 2020 has already passed, any issues the Plaintiffs raise now are moot for review because there is no longer any current case or controversy regarding the plaintiffs' legal rights.

### Law of Case Doctrine

The Court has already ruled on Plaintiffs' First and Fourteenth Amendment claims as well as Plaintiffs' Voting Rights Act claims regarding the procedures implemented pursuant to

4

the Emergency Regulation. In ruling on the merits of those claims, the Court held "the burden imposed by the contraction to one polling place is modest, and the identified groups are afforded various other means under the voting plans to easily and effectively avoid disenfranchisement... [and] the Commonwealth's legitimate interests 'sufficiently weighty' to justify this modest burden." *Nemes v. Bensinger*, No. 3:20-CV-407-CRS, 2020 U.S. Dist. LEXIS 106969 (W.D. Ky. June 18, 2020). Thus, the Court concluded that "provision of a single polling place...passes constitutional muster and the voting plans survive plaintiffs' First and Fourteenth Amendment challenge." The Court also found that "Plaintiffs' unsubstantiated criticism of the proposed practice is insufficient to meet their burden of establishing that the provision of a single polling place, in the context of a broad array of other available voting methods in the context of a global pandemic, will result in a racially disparate impact actionable as a violation of Sec 2 [of the Voting Rights Act]...[a]ccordingly the Court finds no Voting Rights Act violation." *Id.*

"Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp. UAW Non-Contributory Plan*, 300 F.3d 711, 715 (6th Cir. 2002). The point of the doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019). Here, the Court has already made findings to all the Plaintiffs' claims, thus these claims cannot be relitigated in the same litigation.

Further, "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 99

5

S. Ct. 970, 973-4 (1979). Here, Plaintiffs have already had a full and fair opportunity to litigate, to allow any further litigation to occur within this same lawsuit would lead to the fears expressed by the United States Supreme Court. *See generally Id.* Finally, the law-of-the-case doctrine is not intended to limit the power of courts and courts may revisit prior decisions on its own, however "as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *See Messenger v. Anderson*, 225 U.S. 436, 32 S. Ct. 739 (1912); *Arizona v. California*, 460 U.S. 605, 103 S. Ct. 1382 (1983).

## Conclusion

Plaintiffs' claims are moot, and the case must be dismissed. There is no current case or controversy because the procedure at issue already occurred and no longer exists. There is no relief that can be granted to the Plaintiffs because the procedure at issue already occurred and no longer exists. Thus, any claim regarding the procedure at issue are moot. Further, the law-of-the-case doctrine prevents Plaintiffs from re-litigating their claims within this litigation because the Court has already made its judgement on those claims. The Court found that the Plaintiffs' claims that the one-time, emergency election procedure instituted for the 2020 Kentucky primary due to an on-going pandemic did **NOT** violate the Plaintiffs' constitutional rights with regards to their First and Fourteenth amendment rights nor their right to vote pursuant to the Voting Rights Act. These claims cannot be relitigated. For these reasons, Plaintiffs' Complaint should be dismissed.

Respectfully Submitted:

*/s/ Richard E. Vimont*
Richard E. Vimont, Esq.
Steven P. Stadler, Esq.
Assistant Fayette County Attorneys
201 East Main Street
Suite 600
Lexington, KY 40507
richard.vimont@fayettecountyattorney.com
steve.stadler@fayettecountyattorney.com
*Counsel for Fayette County Board of Elections*

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY 41011
jmando@aswdlaw.com
*Counsel for Kenton County Board of Elections*

*/s/ Taylor Austin Brown*
Taylor Austin Brown
General Counsel
State Board of Elections
140 Walnut Street Frankfort, Kentucky 40601
(502) 782-9499
TaylorA.Brown@ky.gov

*/s/Daniel Luke Morgan*
Daniel Luke Morgan
McBrayer PLLC
201 E. Main St., Suite 900
Lexington, KY 40507
859-231-8780
Lmorgan@mcbrayerfirm.com
Counsel for the State Board of Elections

*/s/ Natalie Johnson*
Natalie Johnson, Esq.
Jeffrey R. Derouen, Esq.
John F. Carroll, Esq.
Assistant Jefferson County Attorneys
531 Court Place
Suite 9
Louisville, KY 40202
natalie.johnson@louisvilleky.gov
jeff.derouen@louisvilleky.gov
john.carroll2@louisvilleky.gov
*Counsel for Jefferson County Board of Election*

CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this Joint Motion was served via the Court's CM-ECF system this the 26th day of June 2020.

                                          MICHAEL J. O'CONNELL
                                          JEFFERSON COUNTY ATTORNEY

                                  BY: _____
                                          NATALIE JOHNSON
                                          JEFF DEROUEN
                                          JOHN F. CARROLL
                                          Assistant County Attorneys
                                          Fiscal Court Building
                                          531 Court Place, Suite 900
                                          Louisville, KY 40202

                                          natalie.johnson@louisvilleky.gov
                                          jeff.derouen@louisvilleky.gov
                                          john.carroll2@louisvilleky.gov
                                          Phone: (502) 574-6331